USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONTEFIORE MEDICAL CENTER,

        Plaintiff,

v.

LOCAL 272 WELFARE FUND, *et al.*,

        Defendants.

No. 09-CV-3096 (RA) (SN)

ORDER ADOPTING REPORT AND
RECOMMENDATION

---

MONTEFIORE MEDICAL CENTER,

        Plaintiff,

v.

LOCAL 272 WELFARE FUND, *et al.*,

        Defendants.

No. 14-CV-10229 (RA) (SN)

ORDER ADOPTING REPORT AND
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Montefiore Medical Center brought two actions, one in 2009 (the "First Action") and another in 2014 (the "Second Action"), against Defendants Local 272 Welfare Fund (the "Fund") and its manager, Marc Goodman, seeking payment for medical services that Montefiore provided to Fund beneficiaries.[1]  The Court assumes the parties' familiarity with the facts, these cases' lengthy procedural history, and the prior decisions reached in these actions.  On February 12, 2019, the Court awarded Montefiore prejudgment interest at the federal prime rate with respect to a subset of its claims—its "post-MagnaCare ERISA claims from the First and Second Actions"

---

[1] Plaintiff subsequently filed a third action against Defendants, *see* No. 17-cv-10213 (RA) (SN), which raises legal claims distinct from the prior two actions.

—and directed it to "submit its proposed calculations of the proper amount of this interest" to Magistrate Judge Sarah Netburn, to whom this matter has been referred, for approval. *See* No. 09-cv-3096, Dkt. 141, at 3; No. 14-cv-10229, Dkt. 104, at 3. On August 25, 2020, Judge Netburn issued a Report and Recommendation (the "Report") recommending that the Court award Montefiore simple prejudgment interest in the amount of $309,069.65. *See* No. 09-cv-3096, Dkt. 162; No. 14-cv-10229, Dkt. 125. Neither party filed objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14 Civ. 8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (citation omitted).

As no objections to the Report were filed, the Court has reviewed Judge Netburn's Report for clear error. The Court finds no error and thus adopts the well-reasoned Report in its entirety. Accordingly, Montefiore shall be awarded prejudgment interest in the amount of $309,069.65.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 157 in case No. 09-cv-3096 and at Dkt. 120 in case No. 14-cv-10229, enter judgment, and close these two cases.

SO ORDERED.

Dated:  September 14, 2020
        New York, New York

_____
Ronnie Abrams
United States District Judge